IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAJUAN S. COLLINS,

                                                                                          OPINION AND ORDER

                Plaintiff,

                                                                                           21-cv-237-bbc

     v.

ASHLEY N. SURPRISE, JONATHAN J. SYENS,
CPT. SHANE M. HINTON AND
GWEN L. SCHULTZ,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Dajuan Collins is proceeding on claims that staff at Columbia Correctional Institution used excessive force on him. Defendants have filed a motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #20. Defendants argue that plaintiff filed only one untimely inmate complaint related to his claims in this case, and he then failed to appeal the rejection of that complaint. However, plaintiff has submitted an affidavit stating that his inmate complaint was timely and that he filed a timely appeal. Plaintiff's affidavit and evidence are sufficient to raise a genuine dispute of material fact regarding exhaustion. Therefore, I will refer this case to Magistrate Judge Stephen Crocker to hold an evidentiary hearing under Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) to resolve the parties' factual dispute.

OPINION

A plaintiff who is confined in prison when he files his lawsuit, and who is challenging prison conditions, must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing an initial grievance and all necessary appeals. Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); Burrell v. Powers, 431 F.3d 282, 284–85 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner. The inmate complaint must be filed within 14 calendar days of the event giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). At the discretion of the institution complaint examiner, a late complaint may be accepted for good cause. Id.

For a late request to be considered for good cause, the inmate must request consideration of the late complaint in the written complaint itself and explicitly provide the reason for the late filing. Id. Depending on the complaint examiner's response, a prisoner may appeal immediately or may wait to receive a response from a reviewing authority. Id. § DOC 310.10. If a complaint is rejected as untimely, the inmate may appeal the rejected complaint to the appropriate reviewing authority within 10 days. Id. § DOC 310.10(10).

In this lawsuit, plaintiff alleges that on April 27, 2020, defendant Ashley Surprise, a correctional officer at Columbia Correctional Institution, sprayed him directly in the face with pepper spray, despite knowing that plaintiff was controlled, handcuffed, and presenting no threat. Plaintiff alleges that Jonathan Syens, another correctional officer, attempted to push him down the stairs, shoved him against a cell door, and falsely called for help in order to subject plaintiff to force by another officer. Plaintiff also alleges that defendants Captain Shane Hinton and Captain Gwen Schultz created a culture that permits correctional officers to use excessive force.

Plaintiff filed one inmate complaint related to his claims against defendants: CCI-2020-8338. The complaint was dated May 10, 2020, but the inmate complaint examiner did not receive it until May 12, one day after the 14-day deadline for filing. The inmate complaint examiner rejected plaintiff's inmate complaint as untimely. According to defendants, plaintiff did not appeal the rejection. They argue that plaintiff's claims should be dismissed for failure to exhaust because his initial complaint was untimely and because he failed to appeal the rejected complaint.

In response, however, plaintiff says he gave his initial complaint to an officer in segregation on May 10. He says that after he received notice, on June 1, that the complaint had been rejected as untimely, he filed a timely appeal. In support of his argument, plaintiff submitted an appeal form dated July 2, 2020, which he says he gave to a correctional officer. Dkt. #29-2. He argues that he took all the steps he could to exhaust his administrative remedies, and that he should not be blamed for prison staff's failure to deliver his complaint

3

and appeal documents in a timely manner. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (administrative remedies become unavailable if prison employees do not respond to a properly filed grievance).

Defendants argue in reply that even if plaintiff filed an appeal on July 2, 2020, it would have been untimely under applicable regulations and would not satisfy his exhaustion obligations. Defendants are correct. However, plaintiff responded to defendants' reply with a declaration stating that he mistakenly submitted the July 2 appeal form to the court, which was the form he filed *after* he received no response from his June 2 appeal. Dkt. #33. He has now submitted a copy of an appeal form dated June 2, 2020. Dkt. #33-2. In addition, he submitted the affidavit of another inmate, James Washington, who states that he assisted plaintiff with filing an initial complaint in May and an appeal in June. Washington Decl., Dkt. #29-3.

It seems unlikely that the prison staff would not only delay delivery of plaintiff's initial inmate complaint, but would also fail to deliver two separate appeal forms. However, plaintiff's sworn statements that his initial grievance and his appeals were timely are sufficient to create genuine factual disputes relevant to defendants' exhaustion defense. The disputes cannot be resolved without an evidentiary hearing at which plaintiff's credibility can be assessed. Roberts v. Neal, 745 F.3d 232, 234 (7th Cir. 2014) ("A swearing contest [regarding exhaustion] requires an evidentiary hearing to resolve. . . ."); Pavey, 544 F.3d at 742 (requiring that, where exhaustion is contested, the district court hold a hearing to resolve relevant facts before proceeding to pretrial discovery). I will refer this case to the

4

magistrate judge to conduct an evidentiary hearing. McIntosh v. Wexford Health Sources, Inc., 987 F.3d 662, 664 (7th Cir. 2021) (district court may refer contested exhaustion question to magistrate judge under Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B)).

Because exhaustion is an affirmative defense, defendants will have the burden at the hearing of establishing that plaintiff failed to exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). However, plaintiff should be prepared to present any evidence that supports his version of events. He also should consider whether there are any witnesses who can corroborate his version of events. He should refer to the court's preliminary pretrial conference order, dkt. #17, for guidance on how to call witnesses to appear at the hearing. The hearing will be held by videoconference.

ORDER

IT IS ORDERED that

1. Plaintiff Dajuan S. Collins's motion for relief to submit additional evidence, dkt. #33, is GRANTED.

2. This case is referred to Magistrate Judge Stephen Crocker under 28 U.S.C. § 636(b)(1)(B) to hold a Zoom evidentiary hearing on whether plaintiff exhausted his administrative remedies before filing suit and to issue a report and recommendation to the district court.

3. The clerk of court is directed to schedule a Zoom hearing with Magistrate Judge Crocker.

4. The parties may have until March 11, 2022 to inform the court about the identities of any proposed witnesses they intend to call.

Entered this 25th day of February, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge